IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ISHMAEL A. BURK,                        :
    *Plaintiff*,                      :
                                       :
    v.                                 :        CIVIL ACTION NO. 26-CV-4772
                                       :
OFFICER WALLACE, *et al.*               :
    *Defendants*.                     :

**MEMORANDUM**

**Pappert, J.**                                                    **July 23, 2026**

Ishmael A. Burk filed another civil rights lawsuit against Police Officer Wallace and Chief Nate Aldsworth of the Tullytown Police Department. He also seeks to proceed *in forma pauperis*. The Court will grant Burk leave to proceed *in forma pauperis* and dismiss the Complaint.

I[1]

Burk alleges that for several months prior to May 13, 2026, Officer Wallace repeatedly followed him without lawful justification. (Compl. at 8.) Without providing any details, he alleges that Wallace engaged in a pattern of harassment, intimidation, and surveillance by repeatedly monitoring his movements. (*Id*.) This caused Burk to experience fear and distress, and to believe he was being targeted without any legitimate law enforcement purpose. (*Id*.)

---

[1] The factual allegations are taken from Burk's Complaint, consisting of the Court's form available to unrepresented litigants to use to file claims and additional handwritten pages. (ECF No. 1.) The Court adopts the sequential pagination assigned by the CM/ECF docketing system. Where the Court quotes from *pro se* pleadings, punctuation, spelling, and capitalization errors will be cleaned up as needed.

On May 13, while Burk was walking to a bank, Wallace allegedly "stopped and detained [him] without reasonable suspicion or probable cause." (*Id.* at 9.)  During the encounter, Wallace accused Burk of being a child molester and selling drugs to local children.  (*Id.*)  He allegedly made these accusations without evidence and caused damage to Burk's reputation and emotional wellbeing.[2]  (*Id.*)  Burk asserts that Wallace's actions constituted harassment, an unlawful seizure, and an abuse of police authority.  (*Id.*)  Chief Aldsworth allegedly failed to properly train and supervise Wallace regarding lawful stops, constitutional rights, and appropriate police conduct, allowing Burk's rights to be violated.  (*Id.*)  Burk brings constitutional claims based on the unlawful stop and detention, harassment, and abuse of authority.  (*Id.* at 3, 10.)  He seeks money damages.  (*Id.* at 5.)

This is not the first time Burk has brought a civil rights case based on the events of May 13.  In *Burk v. Wallace*, No. 26-3846 (E.D. Pa.), Burk also sued Wallace and Aldsworth claiming improper police conduct involving his being stopped on May 13 by Wallace.  (*See* Complaint (ECF No. 1).)  That case has proceeded to service.  (*Id.* Dkt. No. 5.)

II

The Court grants Burk leave to proceed *in forma pauperis.*  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil

---

[2] The Court understands Burk to make these assertions to indicate how he was damaged by the Defendants' allegedly unconstitutional actions rather than to state a separate claim under state law for injury to reputation or infliction of emotional distress.

Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* pleading as true, draw all reasonable inferences in Burk's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Burk is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F. 3d at 245). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F. 3d at 245); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be [sic] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

III

Burk asserts the same constitutional claims in this case that he has already pled in Civil Action No. 26-3846.  Federal courts recognize a prohibition against splitting of claims relating to the same transaction or occurrence.  *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) ("[A] plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant.).  "Claim-splitting," is a "rule against duplicative litigation [and has been described as] the 'other action pending' facet of the res judicata doctrine." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.,* No. 08-309, 2009 WL 2016436, at *3 (D. Del. July 9, 2009) (citation omitted).  "Just as res judicata applies to a second action filed after a final adjudication of the first action, the rule against claim splitting applies when . . . two suits are pending at the same time." *Id.*  The doctrine reflects that a district court, "[a]s part of its general power to administer its docket, has the authority to stay or dismiss a suit that is duplicative of another case then pending in federal court." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). "Courts borrow the test for claim preclusion and consider whether to bar the second suit if it involves the same parties or their privies and arises out of the same transaction or series of transactions as the first suit." *Zephyr Aviation III, L.L.C. v. Keytech Ltd.*, No. 07-227, 2008 WL 759095, at *1 (M.D. Fla. Mar. 20, 2008) (internal quotation marks deleted; citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999)).

"[T]he claim splitting prohibition precludes a plaintiff from simultaneously maintaining two separate lawsuits involving the same subject matter, at the same time,

4

against the same defendant." *Hebert v. MudTech Servs.*, No. 15-0933, 2015 WL 5602669, at *5 (W.D. Pa. Sept. 23, 2015); *Dorsey v. Jacobson Holman PLLC*, 764 F. Supp. 2d 209, 212 (D.D.C. 2011) ("The rule against claim splitting requires that all claims arising out of a single wrong be presented in one action." (internal quotations omitted)).  Burk is attempting to do just that by reasserting here the claims against Wallace and Aldsworth claiming improper police conduct that is already proceeding. Because he has named the same parties and the claim arises from the same set of facts, he is precluded from reasserting the claims again and must proceed in the earlier case.

IV

For the reasons stated, Burk's Complaint will be dismissed with prejudice.  Burk is warned that, as a litigant in federal court he is subject to the provisions of Federal Rule of Civil Procedure 11.  The Rule provides that by presenting a pleading to a federal court the "unrepresented party certifies that to the best of the person's knowledge, information, and belief" the claims are warranted.  By submitting a duplicate claim when his first one is proceeding, Burk has wasted judicial resources. Should that conduct recur, Burk may subject himself to sanctions as provided by Rule 11(c).  A dismissal order will be entered separately.  *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**

5